(95 Misc. Rep. 477)

## In re GEBERT.

(Surrogate's Court, Kings County.   May, 1916.)

1. INSURANCE ⊙⟾783—MUTUAL BENEFIT INSURANCE—RIGHT OF BENEFICIARY.
    In the absence of any provision on the subject in the laws of a mutual benefit society, the beneficiary named in a certificate issued, to a member has no vested interest in the same which may under certain circumstances become payable on the death of the member.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1949; Dec. Dig. ⊙⟾783.]

2. INSURANCE ⊙⟾586—LIFE POLICIES—RIGHTS OF BENEFICIARY.
    In the strict contract of life insurance, the beneficiary takes a vested contractual interest in the fund assured.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. ⊙⟾586.]

In the matter of the judicial settlement of the account of Anna M. Gebert as administratrix of John Jacob Gebert, deceased.   Account settled.

Charles Oechler, of Brooklyn, for accountant.
John Gerdes, of New York City, for objectants.

KETCHAM, S.   [1, 2] "By the weight of authority, in the absence of any provision on the subject in the laws of the society or in the certificate of insurance, the beneficiary in a mutual benefit certificate has no vested right therein during the lifetime of the member, and his contingent interest therein expires on his death; hence, if he predeceased the member, neither his personal representatives nor next of kin nor his legatees become entitled to benefits on the member's subsequent decease."   29 Cyc. 157, and cases cited from various jurisdictions.   Additional authorities to the same effect are to be found in the following treatises:   Niblack, Accident Ins. & Ben. Soc. § 202; 1 Bacon, Ben. Soc. & Life Ins. § 243 et seq.

The rule contained in the foregoing quotation must be regarded as settled, though it has not been reached without judicial uncertainty and strife.   In the strict contract of life insurance, not involving the features of membership in the underwriting body, the beneficiary takes a vested contractual interest in the fund assured.   This is held to be a chose in action, of which the assured cannot be divested without his consent.   The occasional rulings that the beneficiary of a membership insurance takes a vested right in the contract may, perhaps, have followed the decisions which were confined to the case of a pure policy of life insurance, and may have proceeded without due thought of the distinction between the two classes of insurance contracts.

This distinction is defined and elaborated by Judge Werner in Shipman v. Protected Home Circle, 174 N. Y. 398, 407, 67 N. E. 83, 86 (63 L. R. A. 347).   His observations make it plain, not only for the purposes to which they were immediately applied, but for the solution of the present dispute, that under the contract effected between a.

membership corporation and its member, by which a person is appointed as the beneficiary of insurance, to be paid by the corporation, "the appointee has no vested interest in the sum which might, in a contingency, become payable on death of the member."

The account, so far as it fails to charge the administratrix with the sum received from the society which insured the life of the decedent, is approved. The decree will embody this result, together with the dispositions made upon the trial.

Decreed accordingly.